THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALVIN GEORGE WALKER, SR.,

Petitioner,

v.

RON HAYNES,

Respondent.

CASE NO. C18-1799-JCC

ORDER

This matter comes before the Court on Petitioner Alvin George Walker's objections (Dkt. No. 16) to the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 15), regarding Petitioner's writ of habeas corpus made pursuant to 28 U.S.C. § 2254 (Dkt. No. 8). Having thoroughly considered the parties' briefing, and the relevant the record, the Court hereby OVERRULES Petitioner's objections, and ADOPTS Judge Theiler's R&R for the reasons explained herein.

**I.  BACKGROUND**[1]

Petitioner is currently incarcerated at the Stafford Creek Corrections Center in Aberdeen,

---

[1] The Court adopts the factual and procedural background recited in Judge Theiler's R&R, which is drawn from the record of the underlying state court proceedings. (*See* Dkt. No. 15 at 2–6.) As such, the Court cites to the R&R when making references to the state court proceedings.

Washington. (Dkt. No. 1.) In May 2010, Petitioner was convicted by jury in King County Superior Court on one count each of assault in the second by strangulation, rape in the second degree, and felony harassment, all with domestic violence designations. (Dkt. No. 15 at 2.) Petitioner was sentenced to standard range sentences on the assault and harassment convictions, and an indeterminate sentence of 159 months to life on the rape conviction. (*Id*.) Petitioner's convictions were affirmed on appeal. (*Id*. at 3.)

In 2013, Petitioner filed a Washington Superior Court Rule 7.8 motion in the superior court alleging ineffective assistance of counsel. (*Id*. at 3.) That motion led Petitioner to ultimately plead guilty to amended charges of assault in the first degree and rape in the third degree, which would result in a determinate sentence of 138 months. (*Id*.) However, immediately after changing his plea, Petitioner moved to withdraw his guilty plea for ineffective assistance of counsel. (*Id*.) The superior court denied Petitioner's motion to withdraw his guilty plea. (*Id*.) Petitioner appealed the ruling, which was affirmed by the Washington Court of Appeals. (*Id*. at 3–4.) The Washington Supreme Court declined discretionary review. (*Id*. at 4.) Petitioner subsequently filed a personal restraint petition, which was denied by both the Washington Court of Appeals and the Washington Supreme Court. (*Id*. at 5.)

Petitioner filed this section 2254 habeas petition challenging his guilty plea to the amended charges. (Dkt. No. 6.) Petitioner makes three claims: (1) that he was denied effective assistance of counsel in entering his 2013 guilty plea to the amended charges; (2) that his due process rights were violated when the superior court accepted his guilty plea to a first-degree assault charge without finding that there was a factual basis for the charge; and (3) that his conviction on the amended charges violated his right against double jeopardy because he pled guilty to the amended charges before his original convictions were vacated. (Dkt. Nos. 6, 15 at 6.) Judge Theiler recommends that the Court deny Petitioner's habeas petition, deny a certificate of appealability, and dismiss Petitioner's claims with prejudice. (Dkt. No. 15 at 18.)

Petitioner filed objections to Judge Theiler's R&R. (Dkt. No. 16.) Specifically, Petitioner

objects to Judge Theiler's reasons for recommending that each of his three claims be dismissed. (*Id.*) The Court addresses Petitioner's objections in turn.

## II. DISCUSSION

### A. Legal Standard

A federal court may not grant a state prisoner's habeas petition on the basis of any claim that was adjudicated on the merits by the state courts, unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal court may grant a writ of habeas corpus only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus only if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See id.* at 407–09.

In considering a habeas petition, a district court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). If a habeas petitioner challenges the determination of a factual issue by a state court, such determination shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A district court reviews *de novo* those portions of an R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district judge to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of

arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

**B.     Petitioner's Objections**

   1.     Ineffective Assistance of Counsel

Petitioner argues that Judge Theiler "ignore[d] the fact that [Petitioner] plead up without knowing that without an injury arising [sic] to 'great bodily harm' having occurred, he could not intelligently plead guilty to the State's greater amended charge of assault in the first degree." (Dkt. No. 16 at 3.) Essentially, Petitioner argues that his counsel was ineffective by not explaining the amended charge to him, and by failing to tell him that there was no factual basis for the amended charge.

Due process requires that a guilty plea be both knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A defendant who enters a guilty plea on the advice of counsel may only attack the voluntary and intelligent character of the plea by demonstrating that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases. *See Hill*, 474 U.S. at 56–57 (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Ineffective assistance of counsel claims arising out of the plea process are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill*, 474 U.S. at 56. Under *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 687. There is a strong presumption that counsel's performance fell within the wide range of

reasonably effective assistance. *Id.* at 689. When considering an ineffective assistance of counsel claim on federal habeas review, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

    Petitioner's ineffective assistance of counsel claim is belied by the record. First, Petitioner stated at his plea hearing that he had reviewed the plea documents with counsel and that he understood the contents of those documents. (Dkt. No. 15 at 13.) He also affirmed that the written statement in the plea agreement that provided the factual basis for the first-degree assault charge was true. (*Id.*) Such acknowledgments, made in open court, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Given this record, the Washington Supreme Court did not err in concluding that Petitioner's claim that his plea was involuntary was not factually suported, or that counsel was not deficient in explaining the amended charges to Petitioner. (Dkt. No. 15 at 12.) The Washington Supreme Court also did not err when it concluded that there was a factual basis for the first-degree assault charge in Petitioner's plea agreement. (*Id.*)[2]

    Second, Petitioner ignores the fact that his guilty plea to a charge of third-degree rape, as opposed to the original conviction for second-degree rape, resulted in a significantly lower sentence. (*Id.*) By entering the guilty plea, Petitioner went from an indeterminate sentence of 159 months to life to a determinate sentence of 138 months. (*Id.*) This sentence reduction cuts directly against Petitioner's ability to prove that he was prejudiced by entering the guilty plea to amended charges. Clearly, Petitioner received a benefit by pleading guilty, and he has not demonstrated that, but for counsel's alleged error in failing to explain the amended charges, he "would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

---

    [2] The written statement adopted by Petitioner at his change of plea hearing read as follows: "In King County, WA, with intent to inflict great bodily harm, I did assault Bridget Mitchell and inflicted great bodily harm upon Bridget Mitchell, to with: I strangled her, which caused bodily injury that created a probability of death. This happened on 6/21/08." (Dkt. No. 15 at 12.)

To accept Petitioner's prejudice argument, the Court would have to conclude that the following chain of events was reasonably probable: that Petitioner would not have pled guilty to the amended charges had he known the elements of first-degree assault; that he would have prevailed on his personal restraint petition and been granted a new trial; and that, notwithstanding his presumptively valid convictions to the original charges, he would have insisted on going to trial. Petitioner's ineffective assistance claim stacks speculation upon speculation. Thus, the Washington Supreme Court did not err by concluding that Petitioner failed to prove his claim of effective assistance of counsel. Therefore, the Court OVERRULES Petitioner's objections as to aspect of Judge Theiler's R&R.

2. Due Process

Petitioner asserts that Judge Theiler ignored "the absence of the essential element of 'great bodily harm' required by the Washington statute defining assault in the first degree . . . Without an on the record finding of this essential element, or an on the record discussion of how and/or why [Petitioner] could/should plead guilty to the unsatisfied statute, [Petitioner's] plea of guilty cannot be said to be knowing and voluntary." (Dkt. No. 16 at 7.)

Petitioner's due process claim is not supported by federal law. As mentioned above, the due process clause requires that a guilty plea be both knowing and voluntary. *Boykin*, 395 U.S. at 244. But the due process clause does not require state courts to find a factual basis for a plea, unless the defendant enters the plea while maintaining his or her innocence. *See Loftis v. Almager*, 704 F.3d 645, 648 (9th Cir. 2012) (collecting cases). Petitioner's guilty plea to first-degree assault was not accompanied by an assertion of innocence. Indeed, as the Court has previously explained, Petitioner affirmed that the written factual basis contained in his guilty plea was true. (Dkt. No. 15 at 12.) The Constitution does not require the superior court to have made any additional findings regarding the factual basis for Petitioner's plea. *See Loftis*, 704 F.3d at 648. Thus, the Washington Supreme Court did not err by concluding that there was a factual basis to support Petitioner's guilty plea, and that the plea was voluntary. Therefore, the

Court OVERRULES Petitioner's objections to this aspect of Judge Theiler's R&R.

3. Double Jeopardy

Lastly, Petitioner asserts that Judge Theiler erred by relying on the Washington appellate courts' conclusion that Petitioner's guilty plea did not violate double jeopardy. (Dkt. No. 16 at 9.) Petitioner argues that the Washington appellate courts misapplied the law to his double jeopardy claim, and that his entry of the guilty plea violated clearly established federal law "by allowing [Petitioner] to be prosecuted a second time for the same offense after conviction." (Dkt. No. 16 at 9–10) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Petitioner's argument is not supported by either the state court record or clearly established federal law. As an initial matter, Petitioner's guilty plea specifically contemplated that his earlier convictions would be vacated once he entered the new plea. (Dkt. No. 15 at 14–16.) And that is exactly what happened. Immediately after entering his guilty plea, the superior court dismissed Petitioner's original convictions. (*Id.*) What's more, Petitioner was not sentenced on the amended charges until months after he had pled guilty and his original convictions had been vacated. (*Id.*) On this record, the Washington Supreme Court did not err by ruling that Petitioner's guilty plea to the amended charges did not violate double jeopardy.

Furthermore, under clearly established law, Petitioner waived his double jeopardy challenge by entering the plea agreement. *See Tollett*, 411 U.S. at 266-67 (an individual who voluntarily and intelligently pleads guilty to a criminal offense generally may not seek collateral relief in federal habeas proceedings based upon an antecedent constitutional infirmity); *see also United States v. Hernandez-Guardado*, 228 F.3d 1017, 1028 (9th Cir. 2000) ("In the context of a plea bargain or guilty plea . . . a defendant may intelligently and voluntarily waive his right against double jeopardy."); *Ricketts v. Adamson*, 483 U.S. 1, 11 (1987) (concluding that the right against double jeopardy is not implicated where the defendant enters into a plea bargain). Petitioner knowingly and voluntarily entered the plea agreement, which expressly stated that his original convictions would not be vacated until after he pled guilty to the amended charges. (Dkt.

No. 15 at 16–17.) In doing so, Petitioner waived any double jeopardy challenge he now seeks to asserts. Thus, the Washington Supreme Court did not err by concluding that Petitioner's guilty plea did not violate double jeopardy. Therefore, the Court OVERRULES Petitioner's objections to this aspect of Judge Theiler's R&R.

4. Certificate of Appealability

A petitioner seeking a certificate of appealability must demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To satisfy this standard, the petitioner must demonstrate either that reasonable jurists could disagree with the district court's treatment of the constitutional claims or "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Judge Theiler concluded that Petitioner is not entitled to a certificate of appealability with respect to any of his claims. (Dkt. No. 15 at 18.) Petitioner did not specifically object to this conclusion, and the Court agrees that a certificate of appealability is not warranted

## III. CONCLUSION

For the foregoing reasons, it is ORDERED that:

(1) The Report and Recommendation (Dkt. No. 15) is ADOPTED;

(2) Petitioner's objections (Dkt. No. 16) are OVERRULED;

(3) Petitioner's habeas petition (Dkt. No. 1) is DENIED and the petition is DISMISSED with prejudice;

(4) Petitioner is DENIED issuance of a certificate of appealability; and

(5) The Clerk is DIRECTED to send copies of this order to Petitioner and to Judge Theiler.

//

//

//

ORDER
C18-1799-JCC
PAGE - 8

1       DATED this 10th day of September 2019.

A close,

John C. Coughenour
UNITED STATES DISTRICT JUDGE